UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SPENCER T. CRUMBSIE,

                Plaintiff,

        -against-

WALI MUHAMMAD; LEAGAL AID
SOCIETY OF WESTCHESTER WHITE
PLAINS COUNTY NY,

                Defendants.

26-CV-3352 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is detained at Westchester County Jail, brings this action, *pro se*, under the court's federal question jurisdiction, alleging that Defendants violated his rights in the course of representing him in a state-court criminal matter. Named as Defendants are Wali Muhammad, who is Plaintiff's former defense attorney, and Legal Aid Society of Westchester County, located in White Plains, New York. By order dated June 1, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following allegations are drawn from the complaint.[2] On March 6, 2026, Plaintiff Spencer T. Crumbsie was arrested for petit larceny, charges which were then upgraded to felony burglary "because of a No Tresspass." (ECF 1, at 4.) Defendant Wali Muhammad, an attorney employed by Defendant Legal Aid Society of Westchester County, was assigned to represent Plaintiff in the criminal proceedings held in an unspecified court located in Port Chester, New York. (*Id.*) Plaintiff, through his attorney Muhammad, requested a hearing pursuant to New York Criminal Procedure Law § 180.80.[3] The court granted Plaintiff's request and scheduled the hearing for April 17, 2026. On April 15, 2026, Muhammad visited Plaintiff in Westchester County Jail and advised him that the District Attorney's ("D.A.") office "decided to waive [Plaintiff's] hearing." (*Id.*) Plaintiff, however, alleges that Muhammad "took it upon himself to waive [Plaintiff's] right to be heard" and worked with the D.A.'s office to "make [Plaintiff] take another type of motion." (*Id.* at 6.) Muhammad did this without informing Plaintiff or appearing before a judge to record these actions with the court.

Plaintiff attempts to assert claims for "false representation" and "malicious prosecution." (*Id.* at 2.) He alleges that Muhammad falsely represented his position by having a "side bar[]" conversation with the D.A.'s office "without it being on court record." (*Id.* at 5.) This was done without seeking the Plaintiff's consent and "outside the court[']s knowledge." (*Id.*) Plaintiff suggests that Muhammad told him that it was the D.A.'s office that waived Plaintiff's hearing,

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[3] New York Criminal Procedure Law § 180.80 directs the release of defendants held in custody on a felony complaint if they are confined for more than 120 hours (or 144 hours if a Saturday, Sunday, or legal holiday occurs during custody) "without either a disposition of the felony complaint or commencement of a hearing thereon." N.Y. Crim. Proc. Law § 180.80.

although, in court, the D.A.'s office stated that it was Muhammad that waived Plaintiff's right to a hearing. (*See id.*) Plaintiff maintains that the conversations and waivers between Muhammad and the D.A.'s office were "never done on courts time . . . making this illegal on both [Muhammad] and D.A.'s office." (*Id.*)

Plaintiff seeks money damages.

## DISCUSSION

**A.    Federal claims**

Plaintiff's claims that Defendants violated his federal constitutional rights, including his claims for malicious prosecution, arise under 42 U.S.C. § 1983. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of Section 1983); *Lefcourt v. Legal Aid Soc.*, 445 F.2d 1150, 1154-55 (2d Cir. 1971)

4

(holding that the Legal Aid Society is a "private institution in [no] manner under State or City supervision or control"). As Defendants Wali Muhammad and Legal Aid Society of Westchester County are private parties who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against these defendants under Section 1983. The Court therefore dismisses Plaintiff's federal constitutional claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Claims under state law**

Plaintiff's allegations that his attorney lied to him suggest he is attempting to assert claims of legal malpractice. Even though Plaintiff states that he is bringing claims under federal law, his claims for legal malpractice arise under state law. To bring a state law claim in federal court, a plaintiff must either allege facts demonstrating that the court has diversity of citizenship jurisdiction of the action, or, if the plaintiff asserts a viable federal claim, the court can exercise supplemental jurisdiction of the state law claims.

**1.      Diversity of citizenship jurisdiction**

To establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendants are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the state where he or she is domiciled, which is defined as the place where the individual "has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* A corporation, including a nonprofit corporation, is both citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is it's "nerve center," the location "where the corporation's high level

officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

In addition, to demonstrate diversity jurisdiction, a plaintiff must also allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff does not plead facts demonstrating that the parties are diverse.[4] Plaintiff states that he is currently detained in Westchester County Jail, which is in the State of New York, but he does not allege where he was domiciled prior to his detention. *See Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007) (explaining that there is a rebuttable presumption that a prisoner retains his pre-incarceration domicile). Although Plaintiff alleges Muhammad's law practice maintains an office in the State of New York, he does not allege Muhammad's residential address. Furthermore, Plaintiff does not provide any information regarding the corporate citizenship of Legal Aid Society of Westchester County. The Court therefore lacks diversity of citizenship jurisdiction of Plaintiff's claims arising under state law.

The Court grants Plaintiff leave to replead his state law claims, including any legal malpractice claims, in an amended complaint that alleges facts demonstrating that the parties are citizens of different states and that his claims are worth more than the $75,000 jurisdictional minimum. If either defendant is a resident of the same state as Plaintiff, and the non-diverse defendant is a dispensable party, *see* Fed. R. Civ. P. 19(b), Plaintiff may file an amended

---

[4] The Court assumes, for the purposes of this order, that Plaintiff claims are worth at least $75,000.

complaint that drops the defendant whose presence destroys diversity jurisdiction.[5] *See Jaser v. New York Prop. Ins. Underwriting* Ass'n, 815 F.2d 240, 243 (2d Cir. 1987).

### 2.      Supplemental jurisdiction

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

---

[5] Rule 19(b) identifies four factors to consider in determining if a party is indispensable:

(1) The extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other relief; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed. R. Civ. P. 19(b).

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court grants Plaintiff 30 days' leave to replead his state law claims in an amended complaint that alleges facts demonstrating that the Court has diversity of citizenship jurisdiction to consider those claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    June 3, 2026
          New York, New York

_____
          Louis L. Stanton
          U.S.D.J.

8