UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SPENCER T. CRUMBSIE,

Plaintiff,

-against-

WALI MUHAMMAD; LEAGAL AID SOCIETY OF WESTCHESTER WHITE PLAINS COUNTY NY,

Defendants.

26-CV-3352 (LLS)

SECOND ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is detained at Westchester County Jail, is proceeding *pro se* and *in forma pauperis* ("IFP"). Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated June 3, 2026, the Court dismissed the complaint, but granted Plaintiff 30 days' leave to replead his claims in an amended complaint. (ECF 7.) On June 22, 2026, the Court received from Plaintiff a letter that Plaintiff labels as a "New Amended Complaint." (ECF 8.) On July 7, 2026, the Court received another letter from Plaintiff, this one labeled as a "RePlead Complaint." (ECF 9.) In light of Plaintiff's *pro se* status, the Court construes both of Plaintiff's letters as a single amended complaint. The Court dismisses the amended complaint for the reasons set forth below.

## BACKGROUND AND DISCUSSION

Plaintiff brings this action under the court's federal question jurisdiction, alleging that Wali Muhammad, who is his former defense attorney, and the Legal Aid Society of Westchester County violated his federal constitutional rights. In the original complaint, Plaintiff alleged that, in the course of criminal proceedings in an unspecified court in Port Chester, New York, he

requested a hearing pursuant to New York Criminal Procedure Law § 180.80,[1] but that Muhammad waived Plaintiff's right to a hearing without his knowledge. Plaintiff attempted to assert claims for "false representation" and "malicious prosecution." (ECF 1, at 2.) By order dated June 3, 2026, the Court (1) dismissed Plaintiff's Section 1983 claims because Muhammad and the Legal Aid Society of Westchester County are private parties who do not work for any state or government body (ECF 7, at 4-5); and (2) determined that the Court lacks diversity jurisdiction to consider Plaintiff's state law claims because Plaintiff did not allege his domicile or provide any information about either defendant's citizenship (*id.* at 5-7).[2] The Court granted Plaintiff leave to replead his state law claims in an amended complaint alleging facts demonstrating that the Court has diversity jurisdiction of those claims. (*Id.* at 7-8.)

In response to the Court's order, Plaintiff filed two letters, both of which contain language suggesting Plaintiff intended them as amended complaints. (ECF 8, 9.) The Court construes both letters as a single amended complaint. In his first letter, Plaintiff alleges that he resides in Port Chester, New York, and that "[t]he Defendant lives in U.S. citizen[.]" (ECF 8, at 2.)[3] He further alleges, "I make short & plain statement that will be 'plausible on its face'! Defendant and DA's Office violated laws state & federal rules and law, other words – worthy of belief! [I]t was done outside a court setting. [W]ithout judge consent!!!" (*Id.*) Plaintiff also alleges that "Defendant," likely a reference to Muhammad, told him, "Either take other motion

[1] New York Criminal Procedure Law § 180.80 directs the release of defendants held in custody on a felony complaint if they are confined for more than 120 hours (or 144 hours if a Saturday, Sunday, or legal holiday occurs during custody) "without either a disposition of the felony complaint or commencement of a hearing thereon." N.Y. Crim. Proc. Law § 180.80.

[2] The Court also declined to exercise supplemental jurisdiction of Plaintiff's state law claims.

[3] The Court quotes from Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are in the original documents unless otherwise noted.

or be Hood Winked!" (*Id.*) Plaintiff states that he believes he is being "railroaded" in his state court criminal proceedings. (*Id.* at 3.)

In his second letter, Plaintiff again states that he has a "plausible without a doubt complaint" and alleges that "the court recording is a witness, . . . the A.D.A office on that day is a wit[]ness, . . . and Portchester Friday Judge is a wit[]ness!" (ECF 9, at 1.)

Plaintiff's amended complaint does not cure the deficiencies in the original complaint. The Court granted Plaintiff leave to file an amended complaint to demonstrate that the Court has diversity of citizenship jurisdiction of his claims by alleging facts showing complete diversity of citizenship between the parties and that Plaintiff's claims are worth at least $75,000. The only relevant allegation in Plaintiff's amended complaint is that he resided in Port Chester, New York, prior to his incarceration, and, therefore, is likely a citizen of the State of New York for diversity purposes. Plaintiff has still not pleaded the citizenship of defendants Muhammad and Legal Aid of Westchester County.[4] Because Plaintiff does not allege facts showing that the Court has diversity jurisdiction of his state law claims, the Court dismisses the amended complaint for lack of subject matter jurisdiction.[5] *See* Fed. R. Civ. P. 12(h)(3).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because

---

[4] Plaintiff states that he is seeking $50,000 in damages, an amount significantly below the $75,000 jurisdictional threshold necessary to demonstrative diversity jurisdiction. (*See* ECF 8, at 2; ECF 9, at 1.)

[5] The Court did not grant Plaintiff leave to assert claims under the Court's federal question jurisdiction, and, in any event, nothing in the amended complaint suggests a viable federal claim.

Plaintiff has already been given an opportunity to amend, and there is no indication in the amended complaint that the defects in Plaintiff's pleadings could be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

**CONCLUSION**

The Court dismisses the amended complaint without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court directs the Clerk of Court to enter judgment dismissing this action without prejudice.

SO ORDERED.

Dated: July 15, 2026
New York, New York

Louis L. Stanton
U.S.D.J.